IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| HEATHER L. MURRELL, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>CAVALRY PORTFOLIO SERVICES, LLC, )<br>CAVALRY SPV I, LLC, J. C. CHRISTENSEN & )<br>ASSOCIATES, INC., AND AMERICAN )<br>CORADIUS INTERNATIONAL, LLC. )<br>)<br>    Defendants. ) | Case No.: 3:13-CV-459<br><br>Jury Trial Demanded |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Heather L. Murrell (hereinafter "Plaintiff" or "Ms. Murrell") is a natural person who lives in this district and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Cavalry Portfolio Services, LLC (hereinafter "Defendant Cavalry Portfolio") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a limited liability

[1]

corporation organized in Delaware, that maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

6. Defendant Cavalry SPV I, LLC (hereinafter "Defendant SPV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Colorado that maintains CT Corporation System, 800 S. Gay Street, Suite 2021, 37929-9710 as its registered agent for service of process.

7. Defendant J. C. Christensen & Associates, Inc. (hereinafter "Defendant Christensen") is a "debt collector, as that term is defined by 15 U.S.C. §1692a(6), and a for-profit corporation organized in Minnesota that maintains CT Corporation System, 800 S. Gay Street, Suite 2021, 37929-9710 as its registered agent for service of process.

8. Defendant American Coradius International, LLC (hereinafter "Defendant ACI") is a "debt collector: as that term is defined by 15 U.S.C. §1692a(6), and a for-profit corporation organized in Delaware that maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312 as its registered agent for service of process.

9. Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

10. Defendants use the mail in their businesses.

11. Defendants use telephone communications in their businesses.

12. The primary purpose of Defendants' businesses is the collection of debts.

[ 2 ]

13. Defendants regularly collect or attempts to collect debts owed, or due, or asserted to be owed or due to another.

14. Defendants are debt collectors subject to the provisions of the Fair Debt Collection Practices Act.

15. Defendants have alleged that Ms. Murrell incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal loan or credit card bill allegedly originally owed to or serviced by HSBC Bank Nevada, N.A. hereinafter referred to as "HSBC".

16. Sometime prior to August 5, 2012, Ms. Murrell's debt was sold or otherwise transferred to one of the above-styled Defendants for collection from Ms. Murrell, when thereafter Ms. Murrell received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

17. Ms. Murrell has made no payments on this account since before August 5, 2012.

18. In the course of attempting to collect a debt allegedly due from Ms. Murrell, Defendants communicated with Ms. Murrell in ways that violated the Fair Debt Collection Practices Act.

*August 5, 2012 Collection Letter*

19. Financial Services LP, a debt collector not a party to this case, sent Plaintiff a collection letter dated August 5, 2012, on behalf of its client, Defendant Cavalry Portfolio. Said collection letter is attached hereto as Exhibit A and incorporated herein by reference.

[ 3 ]

20. The August 5, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collecting the debt and in an attempt to collect the debt.

21. The August 5, 2012 collection letter was collecting on the HSBC account numbered CS8 4663040003471139 and assigned a "Ref. NO:" of 016197977.

22. The August 5, 2012 collection letter asserted an amount due of $4,789.04 as of August 5, 2012. See Exhibit A.

*October 4, 2012 Collection Letter*

23. Defendant Christensen, sent Plaintiff a collection letter dated October 4, 2012 on behalf of its client, Defendants Cavalry Portfolio and Cavalry SPV. Said collection letter is attached hereto as Exhibit B and incorporated here by reference.

24. The October 4, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with the collection of a debt and in an attempt to collect the debt.

25. The October 4, 2012 letter was collecting on the same HSBC Bank Nevada, N.A. account, but it assigned the "File Number" of 13611602.

26. The October 4, 2012 letter asserted an amount due of $4,940.73 as of October 4, 2012. See Exhibit B.

*March 7, 2013 Collection Letter*

27. Defendant ACI sent Plaintiff a collection letter dated March 7, 2013 on behalf of its client, Defendant Cavalry SPV I, LLC. Said collection letter is attached hereto as Exhibit C and incorporated herein by reference.

[ 4 ]

28. The March 7, 2013 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with the collection of a debt and in an attempt to collect the debt.

29. The March 7, 2013 letter was collecting on the same HSBC account with the same original account number of 4663040003471139.

30. The March 7, 2013 letter asserted an amount due of $5,096.50 as of March 7, 2013. See Exhibit C.

31. The letter further asserts: "As of the date of this letter you owe $5,096.50. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." The March 7, 2013 letter states: "Make Checks Payable to: American Coradius International, LLC." See Exhibit C.

32. The March 7, 2013 letter finally asserts: "We are writing to you regarding your CAVALRY SPV I, LLC account." See Exhibit C.

CAUSES OF ACTION
FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
FALSE OR MISLEADING REPRESENTATIONS

33. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt is a violation of 15 U.S.C. § 1692e.

34. Each letter from Defendants demanded a different amount from Ms. Murrell. A calculation of the time between the letters and the amounts sought shows that each and every letter has

[5]

accrued a differing amount of interest and none of them applied the contractual rate of interest.

35. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Ms. Murrell as to what amount of money she owes on this account.

36. By assigning different account numbers to the same account, Defendants have confused the least sophisticated consumer as to what account she owes.

37. By constantly changing who is collecting the debt, Defendants have misled and confused Ms. Murrell as to who she owes for her HSBC account.

### SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

38. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violation of the FDCPA include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, is a violation of 15 U.S.C. §1692e(2).

39. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $4,789.04 is demanded in LTD's collection letter dated August 5, 2012; then the balance increases to $4,940.73 pursuant to Defendant Christensen's October 4, 2012 letter; and finally the balance increases again whereby $5,096.50 is demanded pursuant to Defendant ACI's March 7, 2013 letter.

40. Ms. Murrell asserts that if $151.69 in interest and fees accrued on the account from Defendants' collection letter dated August 5, 2012 demanding $4,789.04, to Defendants'

[ 6 ]

letter dated October 4, 2012 demanding $4,940.73, then there should certainly not be an increase of $155.77 in the balance owed from October 4, 2012 to March 7, 2013.

41. A simple understanding of accruing interest shows that the amounts demanded by Defendants are a result of Defendants' application of inconsistent rates of fees and interest as the balance increased by 18.975% interest from August 5, 2012 to October 4, 2012 but then increased only by 7.358% interest from October 4, 2012 to March 7, 2013.

42. By demanding amounts that increase by various interest rates, Defendants have confused Ms. Murrell as to what amount of money she owes on this account.

43. Ms. Murrell asserts that the constantly changing balance asserted by Defendants demonstrates that they have no knowledge of the correct amount owed, if any. Further, Defendants are making an attempt to keep her confused as to the amount owed so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

44. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, is a violation of 15 U.S.C. §1692f(1).

45. Ms. Murrell is unaware of any "other charges that may vary from day to day" that HSBC or

Defendants may be entitled to and disputes that she is contractually obligated to pay any "other charges that may vary from day to day."

46. The amounts sought by Defendants in their various communications include differing rates of interest and various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were in direct violation of 15 U.S.C. § 1692f(1).

47. By asserting a balance that varied in each of the Defendants' collection attempts, specifically assessing an inconsistent rate of interest, fees or charges on each collection letter, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

48. Since only $151.69 in interest and fees accrued on the account from Defendants letter dated August 5, 2012 (which demanded $4,789.04) to Defendant Christensen's letter dated October 4, 2012 demanding $4,940.73, a period of sixty (60) days, then an increase of $155.77 in the balance owed from October 4, 2012 to March 7, 2013, a period of two hundred fifteen (215) days demonstrates that Defendants are not applying a consistent rate of interest and fees, much less one that is expressly authorized by the agreement creating the debt.

49. The letters from the various entities hired by Defendants all assert varying balances owed and after calculating the time that had passed between letters and the change in the amount owed it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

50. Tennessee laws require that creditors and debt collectors only demand interest and fees that are attributable to an account and pursuant to the underlying contract that was signed by the

[ 8 ]

consumer, thus the exorbitant and inconsistent amounts demanded by Defendants are also attempts to collect an amount not permitted by law.

## RESPONDEAT SUPERIOR LIABILITY

51. In addition to its individual liability under the FDCPA, the acts and omissions of Cavalry and its agents or representatives, and any other debt collectors hired as agents by Cavalry who communicated with Ms. Murrell as more further described herein, were committed within the time and space limits of its agency relationship with their principal.

52. The acts and omissions by Cavalry's representative, and any other debt collectors hired as agents by Cavalry who communicated with Ms. Murrell as more further described herein, were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Cavalry in collecting consumer debts.

53. By committing these acts and omissions against Ms. Murrell, the debt collectors hired as agents by Cavalry who communicated with Ms. Murrell as more further described herein, were motivated to benefit their principal, Cavalry.

54. Cavalry is therefore liable to Ms. Murrell through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of various federal laws by the debt collectors employed as agents by Cavalry, including, but not limited to, violations of the FDCPA in their attempts to collect the debt from Ms. Murrell.

[ 9 ]

Case 3:13-cv-00459-CLC-HBG   Document 1   Filed 08/01/13   Page 9 of 10   PageID #: 9

## TRIAL BY JURY

55.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a)      That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b)      That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d)      That the Court declare all defenses raised by Defendants to be insufficient; and

e)      That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 1st day of August, 2013.

> */s/Brent T. Strunk*
> Brent T. Strunk, BPR #023050
> Attorney for Plaintiff
> 1104 Merchants Drive, Suite 101
> Knoxville, TN 37912
> consumerbk@comcast.net
> (865) 688-0868

[10]